IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | |
| BREANA GARTH, ANTHONY D. BROWN, and DONAVON M. RUFFIN, | ) | No. 3:20-CR-43-KAC-HBG |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b), for disposition or report and recommendation regarding disposition by the District Judge as may be appropriate. On January 27, 2021, the parties appeared before the undersigned[1] for a pretrial conference and telephonic status conference on the trial date. Assistant United States Attorney Kevin Quencer appeared by telephone on behalf of the Government. The following defense counsel appeared telephonically on behalf of the Defendants: Attorney Robert W. White for Defendant Breana Garth, Attorney Jordan Brinkman for Defendant Anthony Brown, and Attorney Ursula Bailey for Defendant Donavon Ruffin. All Defendants were excused from the hearing.

The Court noted that the February 9, 2021 trial date in this case must be continued, pursuant to the Standing Orders continuing all jury trials through February 28, 2021. The Court also observed that two dispositive pretrial motions [Docs. 59 & 61] are pending in this case. Resolution of these motions will require time beyond February 28, 2021. Finally, the Court

---

[1] United States Magistrate Judge Debra C. Poplin conducted this telephonic motion hearing.

noted that counsel informed the courtroom deputy that they were not available for a trial in late spring or early summer based upon their involvement in other criminal trials.  Attorney Bailey made an oral motion to continue the trial on behalf of Defendant Ruffin.  Counsel for Defendants Garth and Brown joined in the motion.  AUSA Quencer expressed no objection on behalf of the Government.  The parties agreed to a new trial date of August 10, 2021.

The Court finds the oral motion to continue the trial is joined by all Defendants, unopposed by the Government, and well-taken.  The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial.  18 U.S.C. § 3161(h)(7)(A).  First, the February 9, 2021 trial date must be continued pursuant to the Standing Orders of this Court.  On November 30, 2020, Chief United States District Judge Travis R. McDonough entered Standing Order 20-21, which continues all jury trials between November 30, 2020, and January 15, 2021.  This Order states that due to the "reduced ability to obtain an adequate spectrum of jurors and the risks posed to the jurors and the public due to the increased prevalence of COVID-19 in all divisions, the Court specifically finds that the ends of justice served by ordering the continuances outweigh the best interests of the public and any defendant's right to a speedy trial."  E.D.TN SO-20-21.  The Court finds the time between November 30, 2020, and January 15, 2021, to be excluded under the Speedy Trial Act.  E.D.TN SO-20-21.  On January 4, 2021, Chief Judge McDonough extended the deferral of jury trials through February 28, 2021, also finding that all time through that date is excludable under the Speedy Trial Act.  E.D.TN SO-21-01.

Additionally, the Court observes that a continuance beyond February 28, 2021, is necessary in this case to permit the resolution of pretrial motions, to give counsel time to prepare for trial, and to preserve the continuity of counsel.  Defendants have filed a motion to dismiss the

Indictment and a motion to suppress evidence seized following a traffic stop [Docs 59 & 61]. United States Magistrate Judge H. Bruce Guyton held an evidentiary and motion hearing on the pretrial motions on October 6, 2020. The Court permitted the parties to file post-hearing briefs by October 23, 2020. Along with the post-hearing brief, Defendant Ruffin also filed a video recording, which was not introduced into evidence at the October 6 evidentiary hearing. The Court granted the Government's request to reopen the evidentiary hearing [Doc. 78] and heard additional testimony on December 7, 2020. The Court presently has the pretrial motions under advisement. After the Court issues a report and recommendation on the motions, the parties will need time to file objections and responses, and the District Judge will need time to rule on the motions, in light of the report and filings. *See* 18 U.S.C. § 3161(h)(1)(H) (excluding delay, not to exceed thirty days, during which a proceeding concerning the Defendants is under advisement). Moreover, once the parties receive rulings on the dispositive motions, counsel will need time to prepare for trial in light of these rulings. Accordingly, the Court concludes that without a continuance well beyond February 28, 2021, defense counsel would not have the reasonable time necessary to prepare for trial, even proceeding with due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

The parties were offered trial dates in May and June; however, counsel had conflicts stemming from their representation of other clients during this time and through the summer. The first available trial date to which the parties agreed was August 10, 2021. Thus, the Court finds that a continuance of six months from the current trial date to August 10, 2021, is necessary to afford the Defendants the continuity of counsel. 18 U.S.C. § 3161(h)(7)(B)(iv).

The Defendants' joint, oral motion to continue the trial is **GRANTED**, and the trial of this case is reset to **August 10, 2021**. The Court finds that all the time between the

3

January 27, 2021 hearing and the new trial date of August 10, 2021, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(H) & -(7)(A)-(B); E.D.TN SO-20-21; E.D.TN SO-21-01. The Court set a new plea deadline and pretrial conference in this case, which are set out below.

Accordingly, it is **ORDERED** as follows:

(1) The Defendants' joint, oral motion to continue the trial is **GRANTED**;

(2) The trial of this case is reset to commence on **August 10, 2021**, **at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) All time between the **January 27, 2021** hearing and the new trial date of **August 10, 2021**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The new deadline to file a plea agreement in the record and to provide reciprocal discovery is **July 13, 2021**;

(5) The parties are to appear before United States Magistrate Judge H. Bruce Guyton for a final pretrial conference on **July 26, 2021, at 11:00 a.m.** This date is also the deadline for filing motions *in limine*; and

(6) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4. shall be filed on or before **July 30, 2021.**

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin,
United States Magistrate Judge