IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) |
| v. | ) ) No. 3:20-CR-43-KAC-HBG |
| BREANA GARTH, ANTHONY D. BROWN, and DONAVON M. RUFFIN, | ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

This case came before the undersigned on November 15, 2021, for a telephonic pretrial conference and scheduling hearing. *See* 28 U.S.C. § 636(b). Assistant United States Attorney Kevin Quencer appeared by telephone on behalf of the Government. The following defense counsel appeared by telephone: Attorney Robert W. White for Defendant Breana Garth, Attorney Jordan Brinkman for Defendant Anthony Brown, and Attorney Ursula Bailey for Defendant Donavon Ruffin. All Defendants were excused from the hearing.

The trial of this case is set for November 30, 2021, before United States District Judge Katherine A. Crytzer. Ms. Bailey made an oral motion to continue the trial, observing that the parties await a ruling on the suppression motions. She stated that Defendant Ruffin waives his speedy trial rights in relation to this motion. Additionally, Ms. Bailey requested that the pretrial motion deadline be reopened and set for forty-five days before trial. Mr. White joined in the motion to continue on behalf of Defendant Garth for the same reason. He stated that Defendant Garth also waives her speedy trial rights. Mr. Brinkman joined in the motion to continue on behalf of Defendant Brown, who also waives his speedy trial rights. AUSA Quencer stated the

Government does not object to the joint oral motion to continue. He noted that the parties need time to engage in plea negotiations, after they receive a ruling on the suppression motions.

The Court finds Defendant Ruffin's oral motion to continue the trial is joined by Defendants Garth and Brown, unopposed by the Government, and well-taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Defendants filed a motion to suppress [Doc. 61] all evidence gained from the April 7, 2020 traffic stop of the vehicle in which they were traveling, and Defendants Brown and Ruffin moved the Court to dismiss the charges [Doc. 59], arguing the Government cannot prove that they actually or constructively possessed controlled substances located in the trunk of the vehicle. The undersigned held two evidentiary hearings on the suppression motions and entered a Report and Recommendation [Doc. 84], recommending that both motions be denied. The Defendants have filed objections [Docs. 87 & 88] to the Report and Recommendation.[1]

The Court finds that the parties need time to receive a ruling on the motions to suppress evidence and to dismiss the charges. Once they receive a ruling on the pending motions, defense counsel need time to advise the Defendants of the best resolution of the case in light of that ruling and counsel need time to engage in plea negotiations. If plea negotiations are not fruitful, the parties need time to prepare the case for trial. The Court finds that all of this cannot occur before the November 30 trial date or in less than four months. Thus, without a continuance, the parties would not have the time necessary to litigate pretrial motions and to prepare for trial, even taking into account counsels' due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

---

[1] Defendant Brown [Doc. 87] and Defendant Ruffin [Doc. 88] each timely filed objections to the Report and Recommendation. Defendant Ruffin moves to adopt [Doc. 89] the objections filed by Defendant Brown. Defendant Garth moves to adopt [Doc. 90] the objections filed by both codefendants. The District Judge has these motions to join under advisement.

For the reasons discussed herein, the Defendants' joint, oral motion to continue the trial and schedule is **GRANTED**, and the trial of this matter is reset to **March 23, 2022**. The Court finds that all the time between the hearing on November 15, 2021, and the new trial date of November 30, 2021, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). Accordingly, the Court **ORDERS** as follows:

(1) Defendants' joint, oral motion to continue the trial is **GRANTED**;

(2) The trial of this case is reset to commence on **March 22, 2022**, **at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) All time between the hearing on **November 15, 2021**, and the new trial date of **March 22, 2022**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The deadline for filing pretrial motions is reopened and reset to **February 4, 2022**. Responses for pretrial motions are due on or before **February 18, 2022**;

(5) The deadline for filing a plea agreement in the record and for providing reciprocal discovery is extended to **February 22, 2022**;

(6) Motions *in limine* must be filed no later than **March 7, 2022**;

(7) The parties shall appear before a United States Magistrate Judge for a final pretrial conference on **March 8, 2022, at 11:00 a.m.**; and

(8) Requests for special jury instructions shall be filed on or before **March 11, 2022**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

**IT IS SO ORDERED.**

ENTER:

*Bruce Guyton*
United States Magistrate Judge