UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,       )
                                )
            Plaintiff,          )
                                )
v.                              )       No.:    3:20-CR-43-KAC-JEM
                                )
BREANA GARTH,                   )
ANTHONY D. BROWN, and           )
DONAVON M. RUFFIN,              )
                                )
            Defendants.         )

## ORDER ACCEPTING REPORT AND RECOMMENDATION IN PART AND RESUBMITTING REPORT AND RECOMMENDATION IN PART

This criminal case is before the Court for consideration of the Report and Recommendation ("Report") issued by the Magistrate Judge [Doc. 84], recommending that the Court (1) deny the "Motion to Dismiss Indictment" of Defendants Brown and Ruffin [Doc. 58] and (2) deny the "Motion to Suppress" of Defendants Garth, Ruffin, and Brown [Doc. 61]. For the reasons below, the Court (1) **ACCEPTS** the Report [Doc. 84] **in part** and **DENIES** the "Motion to Dismiss Indictment" of Defendants Brown and Ruffin [Doc. 58] and (2) **RECOMMITS** the Report [Doc. 84] **in part** to the Magistrate Judge with instructions to further consider the "Motion to Suppress" of Defendants Garth, Ruffin, and Brown [Doc. 61] and the Defendants' standing under the Fourth Amendment to challenge the search at issue. *See United States v. Russell*, 26 F.4th 371 (6th Cir. 2022).

I.    *Background*

On June 16, 2020, the Grand Jury charged Defendants Garth, Brown, and Ruffin with (1) conspiring to possess with intent to distribute fifty (50) grams or more of methamphetamine,

in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A), on or about April 6, 2020 through on or about April 7, 2020 and (2) possessing with intent to distribute fifty (50) grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) and 18 U.S.C. § 2 [Doc. 36].

Brown, joined by Ruffin, moved to dismiss the indictment asserting that the indictment failed to state an offense under Federal Rule of Criminal Procedure 12(b)(3)(B)(v) [Docs. 58 (by Brown), 62 (by Ruffin, joining Brown's motion)]. Specifically, they assert that because the Government will be unable to prove that Brown or Ruffin possessed the methamphetamine at issue, the Court should dismiss the Indictment [Doc. 60 (memorandum in support of the motion to dismiss); *see also* Doc. 36 (Indictment)]. In addition, Garth, joined by Ruffin and Brown, moved to suppress the "fifty [(50)] grams or more of methamphetamine . . . that lead [sic] to the charges in the indictment" because "its discovery violated her Fourth Amendment rights" [Docs. 61 at 3 (by Garth), 62 (by Ruffin, joining Garth's motion), 63 (by Brown, joining Garth's motion)].

After substantial briefing and hearings on the motions [Docs. 71, 86], the Magistrate Judge issued the Report, which addresses both motions [Doc. 84]. **First**, the Report recommends that the undersigned deny Brown and Ruffin's motion to dismiss because, based on the record of disputed facts, "whether the Government can prove Defendants Brown and Ruffin possessed the methamphetamine in the trunk of the Sentra is a question of *fact* . . . [that] is reserved to the jury [*Id.* at 36-37]. **Second**, the Report recommends that the undersigned deny Garth, Ruffin, and Brown's motion to suppress because the initial vehicle stop, length of the stop, and vehicle search did not violate the Fourth Amendment [*Id.* at 37].

Under Rule 59, Brown and Ruffin timely filed objections to the Report's findings and recommendations [Docs. 87 (by Brown), 88 (by Ruffin)]. Fed. R. Crim. P. 59(b)(2) ("Within 14

days after being served with a copy of the recommended disposition, . . . a party may serve and file specific written objections to the proposed findings and recommendations.").  Defendants Brown and Ruffin also adopted or moved to adopt each other's objections [Docs. 88 at 1 (by Brown stating he "would adopt Defendant Ruffin's Objection . . . as well"), 89 at 1 (by Ruffin moving to "adopt the Objection . . . filed by codefendant Brown")].  And Garth moved "to adopt the pleadings of Co-Defendants . . . Ruffin and . . . Brown as to their Objections to the Report" [Doc. 90 (seeking to adopt Docs. 87-88)].  Defendants objected to the Report's findings and recommendations regarding their motion to suppress [Doc. 61]; but they did not raise any specific objections to the Report's findings and recommendations regarding Brown and Ruffin's motion to dismiss [Doc. 58].

II.     *Analysis*

A.  *Legal Standard*

Under 28 U.S.C. § 636(b)(1), "[a] judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  "The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*  If a timely objection is made under Section 636(b)(1)(C) and that objection is not "frivolous, conclusive[,] or general," *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986), "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which [the] objection is made."  28 U.S.C. § 636(b)(1)(C); Fed. R. Crim P. 59(b)(3) ("district judge must consider de novo any objection to the magistrate judge's recommendation").  However, the Court need not engage in de novo review of undisputed portions of the Report. *See Mira*, 806 F.2d at 637.

3

### B. *"Motion to Dismiss Indictment" [Doc. 58]*

No Party filed any objections to the Report's findings or recommendations regarding the "Motion to Dismiss Indictment" [*See* Doc. 84 at 33-37]. Accordingly, the Court **ADOPTS** the undisputed portions of the Report related to the "Motion to Dismiss Indictment" [Doc. 84 at 3-4, 33-37]. Upon review of the Report, and in consideration of the relevant law, the Court **ACCEPTS** the Magistrate Judge's recommendation and **DENIES** the "Motion to Dismiss Indictment" of Defendants Brown and Ruffin [Doc. 59].

### C. *"Motion to Suppress" [Doc. 61]*

Defendants filed specific objections seeking de novo review of the Report's findings and recommendations regarding the "Motion to Suppress" [*See* Docs. 87-88]. *See* 28 U.S.C. § 636(b)(1)(C); *Mira*, 805 F.2d at 637; Fed. R. Crim. P. 59(b)(3). In brief, the Report found that Garth, Brown, and Ruffin were all in a Nissan Sentra traveling on the highway when law enforcement stopped the vehicle [Doc. 84 at 16-17]. Garth was in the driver's seat, Brown was in the front passenger seat, and Ruffin "was in the backseat, behind Garth" [*Id.* at 17]. An eventual search of the vehicle revealed "marijuana shake" "on the front passenger's side floorboard" and "a grocery bag with eight pounds [of] methamphetamine, separated into eight packages, at the back of the trunk against the wall to the passenger's compartment" [*Id.* at 18]. Law enforcement "learned that Ruffin had rented the Sentra" [*Id.*]. Defendants moved to suppress the methamphetamine located in the trunk of the vehicle [*See* Docs. 61, 84]. Each Defendant asserts that the search violated his or her rights under the Fourth Amendment [Docs. 61-63]. But Fourth Amendment rights are "personal." *See United States v. Russell*, 26 F.4th 371, 374 (6th Cir. 2022) (citation omitted). "So a defendant must show that 'his own' rights were 'infringed.'" *Id.* (quoting *Byrd v. United States*, 138 S. Ct. 1518, 1530 (2018) (citation omitted)). "[A] defendant has

4

standing only if he has a Fourth Amendment interest in the property searched." *Id.* at 377 (citing *Byrd*, 138 S. Ct. at 1530). Generally, a "car passenger who didn't own or lease the car" has no Fourth Amendment interest in the car. *See id.* (citations omitted). "[S]tanding is 'an element' of a Fourth Amendment suppression claim." *Id.* at 375 (citing *United States v. Noble*, 762 F.3d 509, 526 (6th Cir. 2014)). Accordingly, under 28 U.S.C. § 636(b)(1)(C) the Court **RECOMMITS** the portion of the Report regarding the "Motion to Suppress" to the Magistrate Judge to address the Defendants' standing under the Fourth Amendment to challenge the search at issue, consistent with *United States v. Russell*, a Sixth Circuit opinion issued after the Report. *See United States v. Russell*, 26 F.4th 371 (6th Cir. 2022); *see also* 28 U.S.C. § 636(b)(1)(C) ("The judge may . . . recommit the matter to the magistrate judge with instructions").

III.     *Conclusion*

The Court **ADOPTS and ACCEPTS** the "Report and Recommendation" [Doc. 84], **in part** as set forth above. Specifically, the Court **DENIES** the "Motion to Dismiss Indictment" of Defendants Brown and Ruffin [Doc. 59]. And the Court **RECOMMITS** to the Magistrate Judge the portion of the Report addressing the "Motion to Suppress" [Doc. 61].

IT IS SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge

5